UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVA GORDON,

Plaintiff,

-against-

ORDER OF THE RAINBOW, et al,

Defendants.

26-CV-5488 (LLS)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. The Court grants Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP) but dismisses the complaint for the reasons set forth below. The Court also directs Plaintiff to show cause why the Court should not bar her from proceeding IFP without first obtaining permission to file a civil action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff, who resides in Grand Rapids, Michigan, repeats similar, if not the same, allegations from her previous actions filed in this court that were dismissed as frivolous. Plaintiff alleges that in June 1978, "a Jewish mixed race rainbow girl named Jody Anne Gonzalez,"

("Jody") molested Plaintiff while they were both students at a school in the Bronx. (ECF 1 at 1, 2.) Plaintiff further alleges that Jody's mother, Priscilla Gonzalez ("Priscilla"), was the "Jewish school secretary" and Jody's father, Frank Gonzalez ("Frank"), was "a Black Caribbean (Puerto Rican) school principal."[1] (*Id.*)

Since this incident, Plaintiff has "been harassed by deranged lesbians, switch-hitting whores and their accomplices from coast to coast" and that "the U.S. government and their trashy Templar comrades were trying to discredit [Plaintiff] in an effort to cover up for their school system predator." (*Id.* at 1.) Plaintiff further alleges that "the government" had sent Defendants Dick Haroldson, Amy Chally, and Geraldean Samuelson, "bisexual[s] . . . from Adams, ND," to harass Plaintiff for the purpose of covering up Plaintiff's ex-husband's adultery and Jody's molestation of Plaintiff. (*Id.* at 1, 6, 10.) Plaintiff alleges that Defendants Prince Hall Freemasons and Order of the Eastern Star have stalked and tortured Plaintiff. (*Id.* at 2.) Plaintiff further alleges that "Freemasons, Eastern Stars," and "Rainbow Girl perverts" harassed Plaintiff and lied about Plaintiff. (*Id.*) The remainder of the complaint enumerates further allegations of harassment by the Defendants and a litany of nonparty named or unnamed individuals.[2] (*Id.* at 2–10.)

**DISCUSSION**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or

[1] Plaintiff had sued Jody and Priscilla, raising the same allegations about Jody, Priscilla, and Frank. *See Gordon v. Gonzalez*, No. 18-CV-3995 (LLS) ECF 2 at 2, 3 (S.D.N.Y.) (complaint filed Apr. 30, 2018 alleges same incidents but in 1977).

[2] Plaintiff's complaint in *Gonzalez* presents a similar litany of misconduct by other individuals. *Id.*, No. 18-CV-3995 (LLS), ECF 2 at 2.

fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations rise to the level of the irrational, and there is no legal theory on which she may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend her complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**ORDER TO SHOW CAUSE**

Plaintiff has filed five other cases that the Court dismissed as frivolous.[3] *See Gordon v. Fed. Bureau of Investigation*, No. 18-CV-3182 (CM), ECF 4 (S.D.N.Y. Apr. 13, 2018); *Gordon v. N.Y Bd. of Educ.*, No. 18-CV-3183 (CM), ECF 5 (S.D.N.Y. Apr. 20, 2018); *Gordon v. Cornell Univ.*, No. 18-CV-8522 (LLS), ECF 4 (S.D.N.Y. Sep. 26, 2018) (warning Plaintiff that further

---

[3] Plaintiff also filed one case in 2009 that was dismissed for Plaintiff's failure to file an amended complaint. *See Gordon v. U.S. Gov't*, No. 09-CV-0068 (HB) (S.D.N.Y. May 19, 2009) (judgment dismissing complaint after no amended complaint was submitted as directed in Jan. 7, 2009 order).

duplicative or frivolous actions will result in order barring Plaintiff from filing new actions IFP); *Gordon v. N.Y. Police Dep't*, No. 18-CV-8108 (LLS) (S.D.N.Y. Oct. 1, 2018) (reiterating warning); *Gonzalez*, No. 18-CV-3995 (LLS), ECF 5 (S.D.N.Y. Dec. 4, 2018) (same).

Considering this litigation history, Plaintiff is ordered to show cause why she should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions IFP in this court unless she first obtains permission from this court to do so.

**CONCLUSION**

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring her from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket.

SO ORDERED.

Dated: July 24, 2026
New York, New York

Louis L. Stanton
LOUIS L. STANTON
United States District Judge